IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| LUIS CARABALLO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:20-cv-514 (LMB/IDD) |
| ) | |
| LLOYD J. AUSTIN, in his official capacity ) | |
| as the Secretary of Defense, ) | |
| ) | |
| Defendant. | |

## MEMORANDUM OPINION

Before the Court is a Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss") filed by defendant Lloyd J. Austin, in his official capacity as Secretary of Defense ("defendant").[1] Although plaintiff Luis Caraballo ("plaintiff") filed a Response to defendant's Motion to Dismiss, the Court finds that the Response must be stricken for two reasons: it was filed in violation of Federal Rule of Civil Procedure 11(a), and plaintiff, who has purported to be proceeding pro se, violated Local Civil Rule 83.1 by having a "legal representative," Bradley R. Marshall ("Marshall"), prepare his Complaint and Response without including the required certification on any of those documents.

Under Rule 11(a), in order for a pleading to be considered by a court, the pleading must be signed. "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented.

---

[1] Plaintiff's Complaint names as defendants the Department of Defense Education Activity ("DoDEA"), Thomas Brady in his official capacity as the Director of DoDEA, and John Does 1-10. In the Motion, defendant correctly asserts that the proper defendant for a federal-sector employment discrimination or retaliation action is the "head of the department, agency, or unit," in this case the Department of Defense. 42 U.S.C. § 2000e-16(c). Accordingly, Lloyd J. Austin, the acting head of the defendant agency, has been substituted as the proper defendant.

… The Court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Id. Defendant filed the pending Motion to Dismiss on July 13, 2020, along with a Roseboro notice that provided the plaintiff with an extended time period in which to respond because of his pro se status. [Dkt. No. 5-1] ("Plaintiff may also file a legal brief in opposition to the one filed by Defendant. Plaintiff's response must be filed, and a copy provided to Defendant's counsel, within twenty-one (21) days of the date Defendant's motion is filed."). Under that 21-day deadline, plaintiff's response was due by August 3, 2020. When no response was filed by August 12, 2020, the Court issued an Order which advised plaintiff that any response was overdue and extended the deadline to August 18, 2020. [Dkt. No. 8]. On August 18, 2020, a three-page Response was filed; however, neither it, nor the certificate of service, was signed by anyone. That error was immediately caught by the Clerk's office, which on August 18, 2020 sent plaintiff a Notice of Correction which advised him that he had not signed his pleading. As of March 24, 2021, plaintiff has made no effort to sign his response.

More troubling is plaintiff's apparent violation of Local Civil Rule 83.1, which requires that "[a]ll litigants who are proceeding pro se shall certify in writing and under penalty of perjury that a document(s) filed with the Court has not been prepared by, or with the aid of, an attorney or shall identify any attorney who has prepared, or assisted in preparing, the document." When the Court issued the August 12, 2020 Order advising plaintiff that he had missed his deadline for responding to the Motion to Dismiss, plaintiff was living in Japan. As a courtesy, a copy of the Order was emailed to him so that he would have enough time to respond. On August 17, 2020, Chambers received an email from plaintiff seeking advice about how to file his response.[2] That

---

[2] Plaintiff's email, with court personnel information redacted, has been filed as an attachment to this Memorandum Opinion.

email included an email dated August 17, 2020 from Marshall of Chartmans, Inc. to plaintiff, with this civil action's caption as the subject.[3] It stated: "Luis: These documents need to be filed using your Pacer account. The response should be filed first and then each additional attachment. You must get this filed by August 17." In plaintiff's August 17 email he admitted to having legal assistance: "I am currently assisted by a Legal Representative and he has asked me to contact the District Court ... for assistance in uploading of these documents if possible." In response to that email, the Court entered an Order on August 18, 2020 advising plaintiff about the requirements of Local Civil Rule 83.1 and ordering plaintiff to comply with the local rules. As of March 24, 2021, plaintiff has failed to certify under the penalty of perjury his pro se status or formally identify the source of his legal assistance. Because plaintiff has failed to sign his Response and comply with the August 18, 2020 Order, his Response is stricken and will not be considered by the Court, even though the defendant has filed a Reply to that Response.

I.

Defendant has moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6), which requires dismissal of a complaint when a "plaintiff's allegations fail to state a claim upon which relief can be granted." Adams v. NaphCare, Inc., 244 F. Supp. 3d 546, 548 (E.D. Va. 2017). As defendant properly argues, a complaint must be more than speculative, and must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to

---

[3] This same Bradley R. Marshall originally tendered a $500 filing fee in this matter, and paid a corrected $400 filing fee after being notified of the correct fee amount by the Clerk's office. [Dkt. No. 4]. His name also appears on documents submitted during the administrative proceedings. Chartmans, Inc. is described on its website as serving "as legal consultant to federal workers, contractors, foreign states, statesmen, and companies doing business abroad. In today's world, legal representation is essential." See https://chartmans.com/about-us (last visited Mar. 18, 2021).

3

relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotation marks and citations omitted). When considering a motion to dismiss, a court must assume that the facts alleged in the complaint are true and resolve factual disputes in the plaintiff's favor, Robinson v. Am. Honda Motor Co., 551 F.3d 218, 222 (4th Cir. 2009); however, a court "is not bound by the complaint's legal conclusions," conclusory allegations, or unwarranted inferences. Id. A court may consider "documents attached to the complaint or the motion to dismiss 'so long as they are integral to the complaint and authentic.'" Kensington Volunteer Fire Dep't, Inc. v. Montgomery County, Md., 684 F.3d 462, 467 (4th Cir. 2012) (quoting Phillips v. Pitt Cty. Memorial Hosp., 572 F.3d 176, 180 (4th Cir. 2009)). Courts generally must "construe allegations in a pro se complaint liberally." Thomas v. Salvation Army So. Territory, 841 F.3d 632, 637 (4th Cir. 2016); however, as explained above, plaintiff is not entitled to such deference. Even if he were, his Complaint would have to be dismissed for failing to allege any plausible causes of action.

The Complaint consists of four pages[4] which allege that plaintiff is a member of three protected categories: he is a male, who is over the age of 40, and Hispanic, and who, "over the course of nearly seven (7) months ... endured harassment discrimination based on his race, age,

---

[4] It appears that plaintiff meant to include attachments with his Complaint. After the allegation that plaintiff exhausted all administrative remedies required to pursue his claims, the Complaint states: "See attached," [Dkt. No. 1] at ¶ II.1; similarly, when reciting the procedural background of plaintiff's claims, the Complaint states that "the Agency issued a Final Agency Decision and Mr. Caraballo now files this civil complaint. See attached." Id. at ¶ III.2. Although the Complaint references attachments, none were attached; however, they were attached to the stricken Response. To ensure that a possibly meritorious case is not dismissed due to procedural errors, the Court has reviewed the Equal Employment Opportunity Commission decision and, as discussed infra, the decision not only fails to correct the deficiencies in the Complaint, it affirms the conclusion that the Complaint must be dismissed for failing to allege any plausible causes of action.

and gender." [Dkt. No. 1] at ¶ IV.2. The Complaint then lists nine examples of the alleged harassment:

> a) The issuance of notices and/or memos designed to intimidate, frustrate and create fear, over the course of the last year or so;
> b) The false allegations related to the abuse of children along with threats to do harm to Complainant's professional standing;
> c) False allegations ... including allegations that he emotionally abused students, made inappropriate statements and/or took inappropriate actions during the course of his duties and more;
> d) Agency officials have failed to provide Complainant with appropriate procedural/due process rights and progressive counseling;
> e) Agency officials improperly detailed Complainant to alternate worksite for unjustifiable and for discriminatory reasons where he has been assigned for more than seven months without meaningful assignments;
> f) Agency officials falsely portrayed Complainant to coworkers, students, parents and others, including the Central Registry Board;
> g) Supervisors engaged in disparate treatment by failing to properly investigate the charges, failing to handle the allegations at the lowest level and in effect, disciplining the Complainant for actions engaged in by others in the workplace;
> h) Complainant became the target of a bogus investigation by his supervisors and third parties, despite his efforts to fulfill his duties as a Teacher ...; and
> i) Supervisors wrongly used an administrative process to terminate his employment for discriminatory reasons.

Id.

To state a claim for discrimination in violation of Title VII or the ADEA, a plaintiff must allege that (1) he is a member of a protected class; (2) he suffered an adverse personnel action; and (3) the adverse personnel action occurred under circumstances giving rise to an inference of discrimination. Purchase v. Astrue, 324 F. App'x 239, 241-242 (4th Cir. 2009) (citing Thompson v. Potomac Elec. Power Co., 312 F.3d 645 (4th Cir. 2002)); see also 42 U.S.C. § 2000e-16(a); 29 U.S.C. § 633a(a). To state a claim based on a hostile work environment theory, a plaintiff must allege that (1) he was subjected to unwelcome conduct; (2) the conduct was motived by his protected characteristic or characteristics; (3) the conduct was "sufficiently severe or pervasive to

5

alter [his] conditions of employment and to create an abusive work environment"; and (4) the unwelcome conduct could be imputed to his employer. Bhella v. England, 91 F. App'x 835, 845 (4th Cir. 2004). To survive defendant's Motion to Dismiss the discrimination and harassment claims, the Complaint must allege sufficient facts to make plausible the claim that plaintiff's employer's conduct was caused or motivated by one or more of plaintiff's protected characteristics (in this case, his race, gender, or age). See, e.g., McCleary-Evans, 780 F.3d at 583 (dismissing a complaint in which the plaintiff did not allege that the defendant "discriminated against her because" of her race) (emphasis in original)); Strothers v. City of Laurel, Md., 895 F.3d 317, 329 (4th Cir. 2018) (holding that hostile work environment claims must be based on "actions that occur 'because of' one of the protected statuses").

Instead of alleging that defendant was motivated by a discriminatory animus, all the Complaint alleges is that the DoDEA officials' "false allegations," "false portrayals," and "bogus investigation" into plaintiff's conduct were "related to the abuse of children," and to investigating claims that plaintiff "emotionally abused students, made inappropriate statements[,] and/or took inappropriate actions during the course of his duties." [Dkt. No. 1] at ¶ IV.2. The Complaint does not allege any facts to support a conclusion that plaintiff was the victim of discrimination, such as explaining in what way defendant's reasons for reassigning or terminating him were discriminatory. In other words, the Complaint merely alleges the legal conclusion that plaintiff was discriminated against and harassed, without alleging any facts to raise that conclusion above a speculative level.

In the absence of direct allegations of discriminatory animus, the Complaint does not allege any facts that would lead to an inference of discriminatory motives, for instance that plaintiff experienced "different treatment from similarly situated employees outside the protected

class[es]" of which he is a member. Coleman v. Md. Ct. App., 626 F.3d 187, 190 (4th Cir. 2010). The Complaint does not identify any comparators outside plaintiff's protected classes, and specifically does not allege that any comparators who were suspected of "child abuse" or "inappropriate statements" were not investigated by the DoDEA or terminated from their teaching positions. See Tweed v. Sessions, 1:17-cv-1417, 2018 WL 3468367 (E.D. Va. July 18, 2018), aff'd 745 F. App'x 499 (4th Cir. 2018) (dismissing an employment discrimination complaint in which the plaintiff alleged that he was falsely accused of misconduct but did not allege any similarly situated employees who were treated differently by his employer).

The Complaint's failure to cite any non-conclusory facts to support an allegation of causation—a required element for discrimination and hostile work environment claims under Title VII and the ADEA—means it fails to raise plaintiff's claims beyond the speculative level. That alone is cause for dismissal.[5] See McCleary-Evans, 780 F.3d at 585 (quoting Twombly, 550 U.S. at 570).

II.

To the extent that the Complaint is alleging retaliation, that claim fails as a matter of law because there is an insufficient allegation that plaintiff engaged in any protected activity. To state a claim for retaliation, a plaintiff must allege "(1) that he engaged in a protected activity; (2) that his employer took an adverse employment action against him; and (3) that a causal connection existed between the protected activity and the asserted adverse action." King v. Rumsfeld, 328

---

[5] Defendant also correctly argues that the Complaint has not stated a claim for discrimination because it has failed to plead that plaintiff's job performance was satisfactory, [Dkt. No. 6] at 6-7, and has not stated a claim for hostile work environment because it has not alleged that defendant's conduct was sufficiently severe or pervasive as to alter plaintiff's working conditions. Id. at 11-13. Because the Court finds that the Complaint's failure to plead any nexus whatsoever between defendant's actions and plaintiff's race, gender, or age is dispositive, these additional arguments do not need to be addressed.

7

F.3d 145, 150-151 (4th Cir. 2003); see also Harman v. Unisys Corp., 356 F. App'x 638 (4th Cir. 2009) (applying the same standard to Title VII and ADEA retaliation claims). Reference to retaliation appears only twice in the Complaint: the "Procedural Background" section identifies "reprisal for prior protected EEO activity" as one of the claims plaintiff brought in the administrative proceedings, and the "Prayer for Relief" requests damages for discrimination "on the basis of ... retaliation." [Dkt. No. 1] at ¶¶ III.1, VI.3. What is noticeably absent from the Complaint is any description of any protected activity in which plaintiff previously engaged, other than the statement that plaintiff "timely sought Equal Employment Opportunity (EEO) counseling in connection with his employment." Id. at ¶ IV.1. The Complaint fails to identify when the protected activity occurred and which, if any, of his supervisors was aware of it when plaintiff was counseled, referred for investigation for child abuse, or terminated. A single reference to unspecified prior EEO activity does not state a plausible claim for retaliation.

III.

Although a dismissal for failure to state a claim is usually without prejudice to allow a plaintiff to file an amended complaint which corrects the deficiencies in the original complaint, in this case allowing plaintiff to file an amended complaint would be unjustified given the misconduct by both plaintiff and Marshall as his "legal representative." Plaintiff has continued either to ignore the multiple defects in Marshall's representation, or has paid so little attention to how his civil action has been handled that he can be deemed to have abandoned any serious pursuit of his claims. Marshall's misconduct during the administrative proceedings reached a sufficiently serious level to cause the Agency to move for sanctions against Marshall. The Equal Employment Opportunity Commission ("EEOC") administrative law judge ("ALJ") handling

plaintiff's case explained that the motion was dismissed as moot because summary judgment was granted in defendant's favor:

> On August 14, 2019, the Agency filed a Motion for Sanctions seeking an Order from the Commission disqualifying Complainant's representative from representing Complainant in this matter .... In light of the ruling granting the Agency's Motion for Summary Judgment, the Agency's Motion for Sanctions is hereby DISMISSED on the grounds that it is moot.

[Dkt. No. 9] at 14. In the same opinion, the ALJ explained that plaintiff's attempt to file an amended complaint was denied for conduct similar to what occurred before this Court—plaintiff violated clear instructions:

> On October 5, 2019, Complainant submitted to me by email attachment a motion seeking to amend his complaint. The submission was in clear violation of the instructions set forth in the Notice of Assignment and Order Setting Status Conference, issued August 5, 2019. The Order contains instructions, in bolded and underlined type, directing the parties to file all pleadings in writing. The Order specifically stated that I do not accept pleadings submitted by email and that I would disregard any such submissions without further review. Accordingly, Complainant's October 5, 2019 [submission] is not properly before the Commission.

[Dkt. No. 9] at 14.

The last egregious error in the administrative proceedings was Marshall's failure to file plaintiff's opposition to the Agency's motion for summary judgment properly, and, as a result, that opposition was not considered in the analysis of the Agency's motion. Id. at 13 ("Complainant untimely submitted the Opposition [to the Agency] ... Complainant never filed a copy of the pleading with the Commission and any such pleading is not part of the hearing record."). The same errors—filing out of time and not in compliance with the relevant rules—occurred in this civil action and have resulted in a similar outcome: plaintiff's Response to defendant's Motion to Dismiss has been stricken.

9

Multiple additional errors permeate plaintiff's and Marshall's conduct before this Court, again supporting the conclusion that Marshall does not know how to practice in federal court and that plaintiff is not paying attention to his lawsuit. These errors start with Marshall initially paying the wrong filing fee. Any lawyer or paralegal who practices in federal court should be expected to know the required filing fees. Although the Complaint bears what appears to be plaintiff's signature, the Complaint is typed on the same uniquely lined paper, with numbers running down the left side of each page, that Marshall used in filings he submitted during the administrative proceedings,[6] supporting the conclusion that Marshall prepared plaintiff's Complaint as well as the unsigned Response.

As discussed above, the four-page Complaint not only fails to satisfy the pleading requirements in light of Ashcroft v. Iqbal, in which the United States Supreme Court held that courts need not "credit a complaint's conclusory statements without reference to its factual context," 556 U.S. 662, 686 (2009); it also contains multiple factual and legal errors, including clearly inconsistent statements about plaintiff's residence[7] and the nonsensical statement that "Venue in this court is appropriate pursuant to Title 28, U.S.C. § 1391, because plaintiff is a resident of Nevada." [Dkt. No. 1] at ¶ II.6.

Given the abysmal manner in which both plaintiff and his "legal representative" have conducted themselves, allowing plaintiff to file an amended complaint would waste judicial resources and would not further the interests of justice, given that this is clearly a meritless case. As defendant has aptly observed:

---

[6] Compare [Dkt. No. 1] with [Dkt. No. 9] at 30-54 (opposition to summary judgment prepared by Marshall during EEOC proceedings).

[7] Compare [Dkt. No. 1] at ¶ II.1 ("Plaintiff Luis Caraballo resides ... [in] Okinawa, Japan.") with id. at ¶ II.6 ("[P]laintiff is a resident of Nevada.").

> [T]he decision ultimately handed down by the Administrative Judge on Plaintiff's EEO complaint concluded that: Plaintiff failed to plead any illegal animus by his former employer at DoDEA; Plaintiff failed to point to similarly situated employees who were treated differently[;] Plaintiff failed to identify any facts illustrating that any conduct against him was motivated by his protected class; and that Plaintiff's claims were based solely on 'conclusory' statements of discrimination. ... In short, Plaintiff simply failed and continues to fail to plausibly plead facts to support his Title VII or ADEA claims.

[Dkt. No. 11] at 6. The same defects identified after the 548-page administrative record was developed plague this Complaint. [Dkt. No. 9] at 22. Accordingly, it is clear that amendment would be futile.

IV.

For the reasons explained above, defendant's Motion to Dismiss for Failure to State a Claim [Dkt. No. 5] will be granted and this civil action will be dismissed with prejudice by an Order to be issued with this Memorandum Opinion.

Entered this 25 day of March, 2021.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge